165 So. 305

## STATE v. RATCLIFF.*

### No. 33729.

Jan. 6, 1936.

*Rehearing denied March 9, 1936.

Gaston L. Porterie, Atty. Gen., and James U. Galloway, Dist. Atty., of Shreveport, for the State.

Herold, Cousin & Herold, of Shreveport, for appellee.

ROGERS, Justice.

The state appeals from a judgment of the district court quashing an indictment charging that the defendant "did falsely, fraudulently and feloniously forge, and did, then and there, falsely, fraudulently utter and publish as true a certain false

and forged instrument purporting to be a promissory mortgage note, to wit: a promisory mortgage note, dated Shreveport, La., February 24, 1925, due three years after date, payable to the order of 'myself' in the amount of Thirteen Hundred Seventy-three and 10/100 ($1,375.10) Dollars, bearing 8% interest from date, payable annually, signed by Will Nicholls and by him endorsed in blank and paraphed 'Ne Varietur as per mortgage of this date, February 24, 1925, J. C. Fontaine, Notary Public,' the said Clem V. Ratcliff, then and there, knowing the same to be false and forged, with intent, then and there, to injure and defraud." The indictment fixes the date of defendant's alleged offense as of December 30, 1927, and contains an allegation negativing prescription.

Defendant's motion to quash is based on his contention that, because of repugnancy, the indictment charges no offense.

Appellant contends that the indictment is drawn according to the pertinent sections of the Revised Statutes (sections 1049, 1050, 1051, and 1052) in effect on the date of defendant's alleged offense, and that the intendment of the pleader was to describe the instrument alleged to be forged and uttered according to its purport. Appellant argues the indictment charges that the defendant forged and uttered an instrument purporting to be a promissory mortgage note of the import contained in the descriptive language which follows; in other words, that the allegation in the indictment which refers to the instrument as "purporting to be a promissory note" carries with it the allegation that the instru-

ment also "purported" to be signed by Will Nicholls, its apparent maker.

Article 240 of the Code of Criminal Procedure provides that no indictment shall be held to be invalid on the ground of repugnancy, provided an offense is charged; all unnecessary allegations being rejected as surplusage. Article 252 of the Code of Criminal Procedure provides that no indictment shall be quashed, set aside, or dismissed on the ground that any uncertainty exists therein; the court being clothed with the discretionary right to order the indictment amended to cure the defect.

But the alleged offense in this case occurred prior to the adoption of the Code of Criminal Procedure, which, in article 582, expressly declares that none of its provisions shall apply to offenses committed prior to its adoption, but every offense shall be prosecuted and punished as provided by the law in force at the time of its commission. Therefore, the codal provisions regarding repugnancy and amendments have no bearing on the question presented in this case, which must be determined by the laws as they existed prior to the adoption of the Code.

In this state, criminal procedure, including the forms of indictments, divested of unnecessary prolixity, prior to the adoption of the Code of Criminal Procedure, were governed by the common law, unless otherwise provided. Whatever had been determined to be an essential averment in an indictment at common law was deemed necessary here, unless a statute of the state had removed the necessity for the averment. State v. Kennedy, 8 Rob. 590.

Up to the time of the adoption of the Code of Criminal Procedure, that necessity had not been removed, but existed in full force and effect. Therefore the sufficiency of the indictment here must be tested by the rules of the common law. When the indictment is submitted to that test, we find that it is fatally defective.

The indictment on its face shows that it consists of two parts or clauses. The first part (the purport clause) alleges that the instrument is forged, and that the forged instrument purports to be a promissory mortgage note. The second part (the tenor clause) consists of a videlicet, which means that the purported promissory mortgage note is then described and its tenor made specific. In that description appears the unqualified statement that the note was signed and indorsed by Will Nicholls.

■ Mr. Bishop in his work on Criminal Procedure, in discussing the allegations relating to the forged writing, points out that there must be no repugnancy between the purport and tenor clauses thus: "Where the purport is alleged, whether necessarily or not, the allegation must be in terms harmonious with the tenor, or the indictment will be ill." Bishop, Crim. Proc. (3d Ed.) vol. 2, § 416, pp. 174, 175. And, in section 417, p. 175, of the same work, the learned author declares: "It is bad to say that the writing was 'signed' by the apparent maker; because if it was, it was not forged."

■ After the words "promissory mortgage note" in the first clause, and preceding the second clause, of the indictment, appear the words "to wit." Those words as used in pleading are termed "a videlicet." The natural and proper use of a videlicet is to particularize that which is merely general in the preceding statement. But the videlicet must be neither contrary to the premises nor increase or diminish the precedent matter. Verbo, "To Wit," 8 Words and Phrases, First Series, pages 6991, 6992.

The general allegation in the first clause of the indictment that defendant forged and uttered an "instrument purporting to be a promissory mortgage note" merely sets forth the conclusion of the pleader. The particular offense with which the pleader sought to charge defendant is contained in the videlicet which follows. The general charge first made, though in itself susceptible to a different meaning, is by the videlicet restricted and confined to a definite charge. The videlicet describes a genuine instrument. It affirmatively shows that the promissory note defendant is charged with forging and uttering was signed and indorsed by Will Nicholls. If Will Nicholls signed and indorsed the instrument described in the indictment, it is clear that the instrument could not be the subject of any forgery or uttering by the defendant.

A mere reading of the indictment is sufficient to disclose the repugnancy which exists between the pleader's particular charge against defendant for forging and uttering and his general allegation that defendant committed the offense. The language of the indictment clearly negatives the contention that the pleader intended to charge defendant with forging

the note or the indorsement thereon, because it expressly alleges that the note was signed and indorsed by Will Nicholls.

In the case of State v. Chamberlain, 89 Mo. 129, 1 S.W. 145, the Supreme Court of the state of Missouri stated that an indictment drawn in more specific terms than the indictment here was clearly repugnant under the common law. Authorities were cited in support of the statement. The court, however, declared that the indictment must be held to be valid under the broad terms of a statute which cured the otherwise fatal defect. Here, too, the indictment would be cured under the provisions of the Code of Criminal Procedure if the alleged offense had been committed after the adoption of the code.

For the reasons assigned, the judgment appealed from is affirmed.