FOURNET, Justice.
 

 The defendant, having been tried and convicted on a charge by indictment for the crime of involuntary homicide under Act No. 64 of .1930, was sentenced to serve a period of twelve months in the parish jail, of which seven months was ordered suspended upon his payment of the costs of prosecution, exclusive of jury fees. Pie has appealed from his conviction and sentence, and relies for the reversal thereof upon the several bills of exceptions reserved to the rulings of the trial court.
 

 Before going to trial, defendant filed two motions to quash the indictment; one, on the ground that a member of the grand jury which returned the indictment against the defendant was not a bona fide resident of the parish of Grant; and the other, on the ground of repugnancy and duplicity in the phraseology of the indictment. ■ Both motions were overruled, and bills of exceptions 1 and 2 were reserved to the ruling of the court.
 

 A review of the testimony introduced in the trial of the first motion to quash the indictment conclusively shows that the findings of the trial judge that grand juror, Wilmot McCain, was a bona fide citizen of the parish of Grant and that his wife and children were only temporarily in Baton Rouge so that the children might attend Louisiana State University, are correct, and therefore he properly overruled the motion to quash the indictment.
 

 The basis of the second motion to quash the indictment, as stated in bill of exception No. 2, is that the “indictment was fatally defective in that said indictment charged your defendant with ‘unlawfully, wilfully and feloniously’ causing the death of the decedent therein named, and ‘then and there committing a crime of involuntary homicide,’ and further, that the crime of involuntary homicide under the statutes of the State of Louisiana especially provide that the same is not committed wilfully and feloniously and on the contrary is the crime resulting from the death of a person due to the grossly reckless and grossly negligent operation of a vehicle by another, and that therefore said indictment was fatally defective because of repugnancy and duplicity above set forth.”
 

 It is conceded by counsel for defendant, both in brief and in argument, that the indictment- is couched in the language of the statute defining the crime of involuntary homicide, but they contend that because it contains the additional words “unlaw
 
 *131
 
 fully, wilfully and feloniously,” the indictment is invalid.
 

 We are of the opinion, as was the trial judge, that the words complained of by defendant’s counsel were unnecessary for the proper accusation of the cfime of involuntary homicide, and consequently must be rejected as surplusage. Code Cr. Proc. art. 240. See, also, State v. Ratcliff, 183 La. 1081, 165 So. 305.
 

 The per curiam of the trial judge to bill of exception No. 3 clearly sets out the basis of the motion and, in our opinion, after carefully reviewing the evidence, properly disposed of the issue raised therein. The per curiam reads as follows: “This motion was leveled at one of the Grand Jurors, namely Isaiah Walker, alleging that he was unable to read and write the English language, and for that reason was not a qualified member of the Grand Jury, and being disqualified would vitiate the findings of the said jury. Upon the trial of the motion, the grand juror demonstrated that he was able to read and also to write the English language. His reading was not the best reading, yet he was able to read certain books as the evidence will show were presented to him. The law does not say how well a man should be able to read and to write before being qualified to be a member of the Grand Jury. It only specifies that he must 'be able to read and write, and we are satisfied from the demonstration in the court that the man could read and write, and the court has seen plenty people that could read better and write better, but the man said that he could read better than he demonstrated to the court, if he had had his reading glasses, and the court could tell that he experienced considerable difficulty in seeing with the glasses that were furnished him, he being about sixty years. He also has the reputation of being a good citizen and good man in the community in which he resides. For these reasons the motion is denied.”
 

 Bill of exception No. 4 was reserved to the refusal of the trial court to grant defendant’s motion for a new trial, and was based on the ground that his conviction was contrary to the law and evidence, which presents nothing for this court to review; .besides, it was abandoned by his counsel.
 

 For the reasons assigned, the verdict of the jury and the sentence of the lower court are affirmed.