28 So.2d 269

STATE v. ADAMS.

No. 38224.

Nov. 12, 1946.

F. Irvin Dymond, of New Orleans, for appellant.

Fred S. LeBlanc, Atty. Gen., M. E. Culligan, Sr., Asst. Atty. Gen., Herve Racivitch, Dist. Atty., and Beuker F. Amann, Asst. Dist. Atty., both of New Orleans, for appellee.

**O'NIELL, Chief Justice.**

The defendant, Noel Adams, was prosecuted under a bill of information charging that he and three codefendants, namely, Clarence J. Decay, George Wooderson, and a woman named Odestes Porter, had "attempted to murder one Joseph Blackman". The woman obtained a severance, and afterwards the district attorney entered a nolle prosequi as to her. The appellant and the two other defendants were tried by a jury and were found "guilty of attempted negligent homicide". Decay and Wooderson were sentenced to serve a term of 24 months in the penitentiary. They did not appeal. Adams filed a motion for a new trial, which was overruled, and thereafter he filed a motion in arrest of judgment, which also was overruled. He was sentenced to serve 24 months in the penitentiary, and is appealing from the verdict and sentence.

In his motion in arrest of judgment the appellant pleaded that the verdict, "Guilty of attempted negligent homicide", was not responsive to an indictment or bill of information charging the crime of attempting to commit murder, and in fact that there was not—and in the nature of things could not be—such a crime as "attempted negligent homicide".

Our opinion is that the motion in arrest of judgment was well founded.

Article 29 of the Criminal Code grades criminal homicide as (1) Murder, (2) Manslaughter, and (3) Negligent homicide. Article 30 defines murder; article

31 defines manslaughter; and article 32 defines negligent homicide as "the killing of a human being by criminal negligence".

Article 12 defines criminal negligence thus:

"Criminal Negligence exists when, although neither specific nor general criminal intent is present, there is such disregard of the interest of others that the offender's conduct amounts to a gross deviation below the standard of care expected to be maintained by a reasonably careful man under like circumstances."

■ Therefore, inasmuch as criminal negligence is an essential element of the crime of negligent homicide, and inasmuch as criminal negligence cannot exist unless there is "neither specific nor general criminal intent", it is impossible for a person to be guilty of negligent homicide unless there is neither specific nor general criminal intent to commit the homicide.

The State relies upon the first and third paragraph of article 27 of the Criminal Code, and upon article 406 of the Code of Criminal Procedure. The first paragraph of article 27 of the Criminal Code provides:

"Any person who, *having a specific intent to commit a crime,* does or omits an act for the purpose of and tending directly toward the accomplishing of his object is guilty of an attempt to commit *the offense intended;* and it shall be immaterial whether, under the circumstances, he would have actually accomplished his purpose." [The italics are ours].

The third paragraph of the article provides:

"An attempt is a separate but lesser grade of the intended crime; and any person may be convicted of an attempt to commit a crime, although it appears on the trial that the crime intended or attempted was actually perpetrated by such person in pursuance of such attempt."

Article 406 of the Code of Criminal Procedure provides:

"When the crime charged includes another of lesser grade, a verdict of guilty of the lesser crime is responsive to the indictment, and it is of no moment that the greater offense is a felony and the lesser a misdemeanor."

■ From the provisions in the first and third paragraph of article 27 of the Criminal Code and the provisions of article 406 of the Code of Criminal Procedure, the State contends that inasmuch as a verdict of negligent homicide is responsive to an indictment for murder, a verdict of attempted negligent homicide is responsive to an indictment for attempted murder. But these provisions in the Codes must be read in connection with article 12 of the Criminal Code, defining criminal negligence, and article 27 defining "an attempt to commit the offense intended". And all of these provisions must be taken with the reservation made in article 3 of

the Criminal Code, that "The articles of this Code cannot be extended by analogy so as to create crimes not provided for herein". No such crime as an attempt to commit negligent homicide is provided for in the Criminal Code; and no such crime is possible under the provisions which are contained in the Code.

■ The State cites and relies upon the case of State v. Stanford, 204 La. 439, 15 So.2d 817, and State v. Harper, 205 La. 228, 17 So.2d 260. Neither of these cases sustains the argument that a verdict of guilty of attempted negligent homicide is responsive to an indictment for the crime of attempt to commit murder, or the crime of attempt to commit manslaughter; nor' does either of the decisions cited justify the proposition that there can be such a crime as attempted negligent homicide. In State v. Stanford the defendant was indicted for manslaughter and was found guilty of negligent homicide. The decision has nothing to do with the question whether there can be such a crime as attempted negligent homicide. In State v. Harper the defendant was indicted for an attempt to commit murder and was found guilty of an attempt to commit manslaughter. The contention in that case, that the verdict of attempted manslaughter was not responsive to the indictment for attempted murder, and that the verdict of attempted manslaughter was in fact an impossible verdict, was founded upon the contention that the element of intent did not exist in the crime of manslaughter. The text writers all agree that an actual intention to kill or to inflict great bodily harm is an essential element in the crime of voluntary manslaughter. Clark and Marshall on Crimes, Fourth Edition, Sections 253 and 255, pp. 309, 311; Wharton's Criminal Law, Twelfth Edition, Vol. 1, Section 425, pp. 643–645. The difference between murder and manslaughter is not in the existence or absence of an intent to kill, but in the existence or absence of malice aforethought.

■ In this case counsel for the appellant reserved a bill of exception to the overruling of an objection to the introduction of certain testimony offered by the State on the trial of the case. But, inasmuch as our finding that the motion in arrest of judgment should have been sustained will compel us not only to set aside the verdict and sentence but also to order the prosecution of the appellant dismissed, it would be inconsistent to consider now the bill of exception reserved to the admissibility of the evidence in question; because if we should find that that bill of exception alone was well founded it would compel us merely to remand the case for a new trial. Although the verdict in this case, "guilty of attempted negligent homicide", is not a valid verdict so far as it purports to convict the appellant, it is a valid verdict so far as it acquits him of the crime charged, attempted murder, and of the included crime, attempted manslaughter.

The verdict and sentence appealed from are annulled, the prosecution of the appellant is ordered dismissed and he is ordered discharged from custody.

FOURNET, J., concurs.

PONDER, J., absent.