HAMITER, Justice.
John Henry Feltus, Jr., the defendant herein, was convicted (by a jury) and sentenced to serve two years in the Louisiana State Penitentiary for committing the offense of negligent homicide. The indictment, under which he was tried, charged *683 that he “being wilfully negligently killed Wilson Weatherton.”
Attacking the indictment, by means of a motion in arrest of judgment, the accused urged that “no crime or act in or under the Laws of the State of Louisiana, constitute (s) wiliful criminal negligent homicide.” The motion was overruled and a bill of exceptions reserved. The bill (the only one in the case) is presented for our consideration on this appeal.
The state concedes, as counesl for appellant argues, that “ * * * the words wilfully and negligently are the opposites of each other and are incompatible * * But it contends that the word “wilfully” as contained in the instant indictment is to be treated and rejected as surplusage, the accused having been properly charged in the short form authorized by LRS IS :235 with having “negligently killed Wilson Weather-ton.”
The state’s contention is meritorious. Apparently the mentioned word “wilfully” was a part of a printed form used in framing the indictment, whereas the correct charge of negligent homicide under which the accused was tried and convicted (above quoted) was typewritten (the state so informs us in its brief, although the record does not furnish that information). Be that as it may such contention is sustained by out statutory law and jurisprudence.
Thus, LRS 15:240 recites: “No indictment is invalid by reason of any repugnant allegations contained therein, provided that an offense is charged. All unnecessary al-" legations shall be rejected as surplusage.”' The indictment under consideration, in alleging that the accused negligently killed the decedent, sufficiently and correctly charges the offense of negligent homicide.
Again, our holdings in State v. Hudgens, 189 La. 128, 179 So. 57, State v. Vinzant, 200 La. 301, 7 So.2d 917 and State v. Iseringhausen, 204 La. 593, 16 So.2d 65, are decisive here. On the basis of and citing Code of Criminal Procedure Article 240 (LRS 15:240) we ruled in each of those cases that the word “wilfully” used in connection with a proper charge of involuntary killing — where, as here, no intent to cause death existed — was to be rejected as sur-plusage.
Cited and relied on by appellant is State v. Adams, 210 La. 782, 28 So.2d 269. That case did not involve the sufficiency of an indictment or an information and, hence, is not pertinent here.
In view of our above announced holding we need not and do not pass upon the suggestion contained in the state’s brief that defendant’s attack on the present indictment should have been made in a motion po quash or a demurrer, not in a motion in arrest of judgment.
For the reasons assigned the conviction and sentence are affirmed.