SANDERS, Justice.
The Grand Jury of Concordia Parish indicted the defendant, William Woodfork, *614 for the murder of Phillip Goffner, Jr. Defendant filed a motion to quash the indictment on the ground that one of the Grand Jurors was disqualified to serve by-reason of his inability to read and write the English language. The trial judge sustained the motion to quash, and the State has appealed.
The State concedes that the challenged juror was unable to read and write the English language. Hence, under Article 401[1] of the Louisiana Code of Criminal Procedure, he was disqualified to serve as a Grand Juror.
The State likewise concedes that the prior jurisprudence requires the quashing of the indictment when a disqualified person serves upon the Grand Jury. See State v. McClendon, 118 La. 792, 43 So. 417 (1907); State v. Favrot, 118 La. 804, 43 So. 421 (1907) ; State v. Plunkett, 118 La. 804, 43 So. 421; State v. Aikens, 118 La. 805, 43 So. 421 (1907).
The State urges, however, that we overrule the prior decisions and adopt a flexible rule concerning disqualified Grand Jurors. Specifically, the State urges that one disqualified Grand Juror should not nullify an indictment since nine jurors constitute a quorum (LSA-C.Cr.P. art. 435) and only nine are required to concur in the indictment (LSA-C.Cr.P. Art. 383.) Furthermore, the State contends that the exclusion of illiterates prevents the Grand Jury from being a fair cross-section of the community and offends the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution.
The State’s contentions must fail. Consistent with the prior jurisprudence of this Court, the Louisiana Code of Criminal Procedure (1966) included Article 533, providing;
“A motion to quash an indictment by a grand jury may also be based on one or more of the following grounds
i[c íjí Jji ‡ *
“(2) An individual grand juror was not qualified under Article 401.”
The rule that the presence of a disqualified person on the Grand Jury vitiates the indictment is now statutory. Hence, even if we were inclined to do so, we are not free to change it.
*616 We see no constitutional infirmity-in Article 401, disqualifying jurors who are unable to read and write the English language. The ability to read and write the English language has a vital relation to the performance of the duties of a Grand Juror. It applies to all candidates for Grand Jury service, irrespective of race, color, or creed. The provision denies no rights secured by the United States Constitution. See Carter v. Jury Commission of Greene County, 396 U.S. 320, 90 S.Ct. 518, 24 L.Ed.2d 549 (1970); Franklin v. South Carolina, 218 U.S. 161, 30 S.Ct. 640, 54 L.Ed. 980 (1910) ; Murray v. Louisiana, 163 U.S. 101, 16 S.Ct. 990, 41 L.Ed. 87 (1896); Gibson v. Mississippi, 162 U.S. 565, 16 S.Ct. 904, 40 L.Ed. 1075 (1896); State v. Comeaux, 252 La. 481, 211 So.2d 620 (1968).
In State v. Comeaux, supra, we upheld the constitutionality of the literacy qualification for petit jurors against an identical attack. There, we said:
“Appellant contends that the statutes in question and the actions of the Commission pursuant thereto are discriminatory and prejudicial to the accused in violation of Article III, Section 2, Clause 3 and Article IV, Sections 1 and 2, of the Constitution of the United States and the Fifth, Sixth and Fourteenth Amendments in that he is deprived of a jury which represents a fair cross section of the local population.
“The requirement that a person be able to read and write the English language to be qualified for jury service is a reasonable and nondiscriminatory regulation by the state which operates equally against all persons tried by juries; it affords no advantage to the state which it does not offer to the accused. Literacy is a requirement, moreover, which, if not essential to that purpose, is more apt to assure an understanding of the evidence and the law and bring about a fair verdict for both the accused and the State. We are of the opinion that this qualification is just as essential to the State’s obligation to assure a fair trial to the accused as it is to assure a fair trial for the State. No authority has been cited which refutes these propositions, and we have been referred to no decisions which hold that the literacy qualification for jurors violates constitutional rights.”
For the reasons assigned, the judgment of the district court is affirmed.

. “In order to qualify to serve as a juror, a person must:
“(1) Be a citizen of the United States and of this state who has resided within the parish in which he is to serve as a juror for at least one year immediately preceding his jury service ;
“ (2) Be at least twenty-one years of age;
“(3) Be able to read, write, and speak the English language
“(4) Not be under interdiction, or incapable of serving as a juror because of a mental or physical infirmity; and
“(5) Not be under indictment for a felony, nor have been convicted of a felony for which he has not been pardoned.” (Italics ours).