excluded property damage arising *out of the use of an elevator.*

We conclude, therefore, that the loss involved here was covered by the policy issued by defendant.

For the reasons assigned the judgment of the Court of Appeal is reversed and set aside and the judgment of the district court is reinstated and affirmed. All costs in this proceeding are to be borne by Bituminous Casualty Corporation.

DIXON, J., recused.

256 So.2d 627

**STATE of Louisiana, Plaintiff-Appellee,**

**v.**

**Andrew Lee JACKSON, Defendant-Appellant.**

**No. 51240.**

Jan. 17, 1972.

Alwine L. Mulhearn, Tallulah, for defendant-appellant.

Jack P. F. Gremillion, Atty. Gen., Harry H. Howard, Asst. Atty. Gen., Thompson L. Clarke, Dist. Atty., John T. Seale, Asst. Dist. Atty., for plaintiff-appellee.

TATE, Justice.

The defendant Jackson appeals from conviction of manslaughter, La.R.S. 14:31, and sentence to fifteen years in the penitentiary. We find that the error complained of by Bill of Exceptions No. 8 requires reversal.

This bill was taken to the admission, over objection, of inculpatory statements made by the accused to a police officer the day after he was arrested for killing his father, the crime for which convicted. The principal basis for the objection was the State's failure to advise the defendant

prior to trial of its intention to use this inculpatory statement, as required by La.C. Cr.P.Art. 768.[1]

The State contends that it did not violate this code requirement because, when the trial opened, it did not intend to introduce this statement in trial. It did not anticipate using this police officer's testimony in rebuttal, the State suggests, because it had no way of knowing that the defendant Jackson would take the stand to testify in his own behalf and that he would testify of his love for his deceased father.

In rebuttal of such testimony, the State produced the testimony of Officer Broadway. Officer Broadway was asked what statement the defendant had made, when offered a chance to attend his father's funeral if he cooperated with the investigation.

The defendant's counsel objected. The prosecutor informed the judge that the reason the testimony was admissible was, "He said he loved his father and I want to find out how much he loved him." After the objection was overruled, the prosecutor told Officer Broadway to tell the "exact words" of the statement the defendant then had made.[2]

---

1. Article 768 provides: "If the state intends to introduce a confession or inculpatory statement in evidence, it shall so advise the defendant in writing prior to beginning the state's opening statement. If it fails to do so a confession or inculpatory statement shall not be admissible in evidence."

2. The pertinent examination of Officer Broadway by the prosecuting attorney is as follows:
   "A. He made a statement in return and he finally agreed that he would go down there, and after we arrived, at the scene, he wouldn't help us at first, and his mother told him if he would cooper-

Officer Broadway then·testified that the defendant stated: "I don't want to go to his funeral . . . if I had've, I never would have killed him." This, of course, is an inculpatory statement within the advance notice requirements of Article 768. It is an out of court admission of incriminating facts made by a defendant after the crime has been committed. See State v. Fink, 255 La. 385, 231 So.2d 360 (1970).

▆ Under the express terms of Article 768 (see Footnote 1), it was not admissible in evidence if the State failed to give notice in advance of the trial of its intention to introduce it in evidence. However, by reason of Article 769, if the state inadvertently and in good faith fails to notify in advance of the trial, the trial court may nevertheless admit the inculpatory statement "if it finds that the defendant is not taken by surprise or prejudiced in the preparation of his defense". State v. Lacoste, 256 La. 697, 237 So.2d 871 (1970). In such instance, the failure to give advance notice is harmless error. La.C.Cr.P. Art. 921; State v. Lacoste, cited above.

▆ Here, however, we cannot say the lack of advance notice was harmless error and did not prejudice the defendant in the preparation of his defense.

In connection with pre-trial motions, the prosecuting attorney specifically stated that no remarks or statements given to any officers after any arrest would be alluded to in the trial of the case. Therefore, in advance of trial, the State acceded to the defendant's motion to suppress "any alleged statements, oral or written, confession or other inculpatory statement made by the Defendant". See Tr. 23, 34.[3]

ate that maybe she could see to it that he was allowed to go to his father's funeral. He made another statement. "*Q. What was that statement?*" [Defendant objected to the introduction of the statement, which was overruled, and defendant reserved Bill of Exceptions No. 8.] "Q. Go ahead. Answer the question. "A. Would you like for me to say exactly what he said? "Q. Yes sir. Use his exact words. "A. As close as I can remember it, his mother asked him if he would cooperate there would be a possibility she would try to work it out where he could go to his father's funeral. He said, *I don't want to go to his funeral. He said, if I had've, I never would have killed him.* * * *" (Italics ours)

3. The Motion to Suppress may not be used to test the validity, prior to trial, of *oral* statements. La.C.Cr.P.Art. 703, see, particularly, Comment (e) ; State v. Hudson, 253 La. 992, 221 So.2d 484 (1969). The prosecuting attorney stated, however, in a commendable effort to avoid a pre-trial hearing on admissibility of evidence it did not then intend to use:
" * * * The State would say at this point we do not propose to introduce any written statements. *The only remarks that might possibly be alluded to in the trial of the case would be part of the res gestae, would not be statements given to any officers after any arrest is made.* Therefore, we would accede to the demand of counsel." (Italics ours)

Here, the State not only failed to comply with La.C.Cr.P.Art. 768, but it actually informed the defendant and the Court that no statement would be introduced and agreed to suppress all such statements, oral or written. Hence, the defendant was actually surprised by the State's failure to comply with the advance notice requirement of La.C.Cr.P.Art. 768. His counsel claims further prejudice in that the defendant would not have taken the stand had counsel known of the inculpatory statement to which Officer Broadway testified.

We thus find that the State's failure to give advance notice of its intention to use the inculpatory statement, as required by Article 768, was not harmless error under Articles 769, 921. The effect of the failure to comply with the article, together with the conceded suppression of all of the defendant's statements, was to cause prejudicial surprise and to cause a prejudicial change-of-position in the preparation of the defense.

The prejudicial inculpatory statement was improperly admitted into evidence. The conviction must therefore be reversed.

### Other Bills.

The defendant reserved ten other bills of exceptions. In view of the reversal of the conviction required by Bill of Exceptions No. 8, we need not discuss the alleged trial errors forming the basis of most of these bills.

However, since the issue will arise on any re-trial, we find it advisable to dispose of Bill of Exceptions No. 1. This was taken to the overruling of a motion to quash the indictment.

The motion to quash was based upon the allegation that an individual grand juror was not qualified to serve, La.C.Cr.P.Art. 533(2), State v. Woodfork, 255 La. 611, 232 So.2d 290 (1970), because such juror was unable to read and write the English language, La.C.Cr.P.Art. 401(3). At the hearing on this motion, the grand juror displayed what might be termed an only rudimentary facility in reading and writing the language.

Nevertheless, in view of the burden of proof upon the mover to quash an indictment for alleged defects in the composition of the grand jury, State v. Pierre, 198 La. 619, 3 So.2d 895 (1941), cert. denied 314 U.S. 676, 62 S.Ct. 186, 86 L.Ed. 541 (1941), and because factual determinations by the trial judge in criminal proceedings carry great weight and should not be disturbed on review unless clearly erroneous, State v. Hall, 257 La. 253, 242 So.2d 239 (1970), State v. Casey, 44 La.Ann. 969, 11 So. 583 (1892), we are unable to say that the trial court erred factually in holding that the grand juror in question possessed sufficient reading and writing ability of the English

language to perform his duties as grand juror, State v. Hudgens, 189 La. 128, 179 So. 57 (1938). We further note that the court felt that some of the juror's apparent inadequacy arose from embarrassment before a public audience.

### Decree

For the foregoing reasons, we reverse the conviction and sentence, and the case is remanded for further proceedings in accordance with law.

Reversed and remanded for further proceedings.