SANDERS, Chief Justice.
On May 23, 1975, Glendora Hollis was arrested and charged by affidavit with “loitering with intent to commit a lewd or indecent act” under City of New Orleans Municipal Ordinance 828, Section 42-62, Paragraph 3.
On July 24, 1975, defendant was tried in Municipal Court for the City of New Orleans. The trial judge rendered the following judgment:
“I find the defendant, Glendora Hollis, guilty of violating Ordinance 828 MCS, Section 42-62, paragraph 3, loitering with the intent to commit a lewd and indecent act and sentence her to serve 90 days in the House of Detention, double time not permitted.”
Defendant appealed to the Criminal District Court for the Parish of Orleans. Her conviction and sentence were affirmed.
Defendant then applied for writs of cer-tiorari or review to this Court. We granted writs to review her conviction and sentence. La., 323 So.2d 139 (1975).
Defendant relies upon four assignments of error. Finding merit in her contention that the charge is legally insufficient, we do not reach the other issues.
These are the facts upon which the defendant’s arrest is based: On May 23, 1975, two New Orleans policemen observed defendant, a twenty-three year old woman, in the 200 block of Bourbon Street, at approximately 1:10 o’clock in the morning. The officers observed her for approximately one hour. During that time, she approached several men, placed her arm around them, and attempted to engage them in conversation. The policemen arrested the defendant and charged her with “loitering with intent to commit a lewd or indecent act.”
New Orleans Municipal Ordinance 828 M.C.S. 42-62(3) provides:
“The following persons are deemed to be vagrants in the city.
* ‡ 5}s % s|i if;
“(3) One who loiters in or near any thoroughfare or public or private place for the purpose of inducing, enticing or procuring another to commit lewdness, fornication, unlawful sexual intercourse or any other indecent act
Because of the variance between the affidavit and the ordinance under which she is charged, defendant contends that her charge was legally insufficient. Although defendant was charged under 828 M.C.S. 42-62(3), she was not charged with loitering with the intent to induce another to commit a lewd or indecent act. Instead, she was charged with loitering with the in *683 tent to commit a lewd or indecent act, conduct not criminalized by the ordinance.
Louisiana Code of Criminal Procedure Article 464, dealing with the nature and content of indictments,[1] provides in pertinent part:
“The indictment shall be a plain, concise, and definite written statement of the essential facts constituting the offense charged.”
While it is unnecessary to track the language of the ordinance, the affidavit must charge the conduct proscribed by the ordinance. In State v. Fontenot, 256 La. 12, 235 So.2d 75 (1970), this Court overturned a conviction for indecent exposure where the bill of information omitted an allegation that the act was committed with the requisite “intent of arousing sexual desire,” stating:
“Basic law in our state and throughout this nation requires that the facts which constitute each and every essential element of the crime charged must be set forth with certainty, clarity, particularity, and precision, so as to inform the accused of the nature and cause of the accusation.”
Since the ordinance is penal in nature, it cannot be extended by analogy so as to create crimes not provided for therein. See State v. Heymann, 256 La. 18, 235 So.2d 78 (1970); State v. Adams, 210 La. 782, 28 So.2d 269 (1946).
We conclude that, because of the omission of an essential element, the affidavit fails to charge the offense defined in Paragraph 3 of the ordinance. Hence, the affidavit must be quashed.
For the reasons assigned, the affidavit is quashed, the conviction and sentence are annulled and set aside, and the defendant is discharged.
“ ‘Indictment’ includes affidavit and information, unless it is the clear intent to restrict that word to. the finding of a grand jury.”

. Code of Criminal Procedure Article 461 provides in pertinent part: