402 So.2d 678 (1981)
STATE of Louisiana
v.
Alfred WILLIAMS.
No. 80-KA-2155.
Supreme Court of Louisiana.
July 2, 1981.
Rehearing Denied September 4, 1981.
*679 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry Connick, Dist. Atty., Joseph Meyer, Cornelius Regan, Louise Korns, Asst. Dist. Attys., for plaintiff-appellee.
Larry P. Williams, New Orleans, for defendant-appellant.
DIXON, Chief Justice.
Defendant was convicted of armed robbery, R. S. 14:64, and sentenced to five years at hard labor without benefit of parole. In this appeal he relies upon four assignments of error. Because none of these assignments has merit, the conviction and sentence are affirmed.
Shortly after midnight on December 22, 1979 the victim parked her car in her carport and was preparing to open her apartment door when she heard a voice from behind. She turned and saw a man with a gun who demanded her purse. After complying with the robber's demand, the victim reported the incident to the police.
The victim spotted the defendant on the morning of January 2, 1980. As she was preparing to get in her car to go to work, she saw him in front of the business establishment across the street from her apartment. She notified the police that she had seen the man who robbed her, and was told to be on the lookout for him, and to notify the police should she see him again. The next morning she did see him again at the same business establishment. This time he noticed her and winked at her. The police were notified by the victim of the encounter.
The police then contacted the owner of the business and learned from him the defendant's name and the fact that he was a new employee there. The police secured a booking photograph of the defendant, assembled five fill-in photographs, and conducted a photographic line-up that same day at the victim's office. The victim positively identified the defendant as the man who robbed her. A physical line-up was conducted on January 17, 1980 and the victim again positively identified the defendant as the robber.
The evidence adduced against defendant consisted of the testimony of the victim and the evidence relating to the two pretrial line-ups.

Assignment of Error No. 1
In this assignment of error defendant maintains that the trial judge should have suppressed the pretrial identifications because they were conducted pursuant to procedures that were unduly suggestive. As recently stated by this court:
"... A line-up is unduly suggestive if a sufficient resemblance of characteristics and features of the persons in the line-up e. g. build, hair, facial hair and complexion, does not exist to reasonably test the identification. State v. Guillot, 353 So.2d 1005 (La.1977); State v. Gray, 351 So.2d 448 (La.1977); State v. Anthony, 347 So.2d 483 (La.1977). If only one person in the line-up has the characteristics of the perpetrator, the witness' attention will be focused on that person. State v. Guillot, supra." State v. Davis, 385 So.2d 193, 198 (La.1980).
*680 Defendant maintains that the identification procedures were impermissibly suggestive because the defendant was the only subject in the line-ups with a short, neat hairstyle. This contention lacks merit. All of the subjects in the photographic line-up including defendant, had short plaited hairstyles. All of the subjects in the physical line-up, including defendant, had short Afro hairstyles. In both the photographic line-up and the physical line-up all subjects appeared to have moustaches, were of similar build, and had similar facial characteristics. There are sufficient similarities to test the identification, and in neither line-up can it be said that the victim's attention would have been focused on the defendant because of distinctive features.
This assignment lacks merit.

Assignments of Error Nos. 2 and 3
These assignments contest the admissibility into evidence of the photographs used in the photographic line-up. Defendant argues that the pictures are readily identifiable as mug shots despite the fact that the police data is concealed by the state's evidence tags. Defendant maintains that introduction of the mug shot of the defendant apprised the jury of defendant's prior criminal record and therefore was prejudicial to him.
An identical argument was rejected by this court in State v. Jones, 381 So.2d 416 (La.1980). In that case, we framed the issue as whether the probative value of the photographs outweighed the prejudicial effect on the jury. In Jones, as in the instant case, the state's evidence consists primarily of the victim's identification of the defendant. Because of the photograph's relevance to the material issue of identification, and its probative value, the photographs were properly admitted.
Further, even assuming that the judge erred in admitting the photographs, the defendant was not prejudiced. During the cross-examination of the two character witnesses called on defendant's behalf, the jury was apprised of defendant's prior criminal record.
These assignments lack merit.

Assignment of Error No. 4
In this assignment defendant argues that the state failed to establish venue in Orleans Parish. It is true, as contended by defendant, that no one positively testified that the crime occurred in Orleans Parish. Nonetheless, the victim testified that the robbery occurred in front of her Mandeville Street apartment.[1] A trial judge may take judicial notice of the fact that geographical locations mentioned by witnesses are within a particular parish, even if the parish is not specifically designated in the testimony. State v. Rheams, 352 So.2d 615 (La.1977).
This assignment is without merit.
For the foregoing reasons, the conviction and sentence are affirmed.
NOTES
[1] The municipal address must have been 627 Mandeville Street, even though the trial transcript indicates that the victim declared the address to be 217 Mandeville Street.