409 So.2d 581 (1982)
STATE of Louisiana
v.
Leroy FREEMAN and Geraldine Miles.
No. 81-KA-1343.
Supreme Court of Louisiana.
January 25, 1982.
Rehearing Denied February 19, 1982.
*583 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Edwin O. Ware, Dist. Atty., T. Gerald Henderson, Asst. Dist. Atty., for plaintiff-appellee.
Kenneth P. Rodenbeck, Thomas K. Brocato, of Gravel, Robertson & Brady, Alexandria, for defendants-appellants.
WATSON, Justice.[*]
Defendants, Leroy Freeman and Geraldine Miles, were charged with cruelty to seventeen-month-old Keith Miles, in violation of LSA-R.S. 14:93.[1] A unanimous six member jury found Miles guilty as charged and Freeman guilty of attempted cruelty to a juvenile. Both defendants were sentenced to five years imprisonment at hard labor. They have appealed, alleging eighteen errors by the trial court.

*584 FACTS
Geraldine's sister, Evelyn Miles, reported that Keith was being abused. She complained that Geraldine and Leroy began mistreating Keith on June 3, 1980, when Leroy moved into Geraldine's home.[2] Geraldine's two sisters moved out of the house on that date. A social worker observed cigarette burns on the child's chest on June 12. Keith Miles was treated at the Huey P. Long hospital in Pineville, Louisiana, on July 11 for a hematoma of the forehead. X-rays revealed that the skull was not fractured. An expert pediatrician, Dr. Alphonso Pacheco, thought it unlikely that the injury had resulted from a fall out of bed as reported by the mother, Geraldine.
Keith was brought to the hospital again on July 23, 1980, in the company of a child protection agency worker and his mother. Dr. Pacheco testified that the child's condition reflected severe abuse inflicted with violent force. The evidence of physical trauma included bruises, lacerations, choking marks on the neck, lesions consistent with human bites, cigarette burns and a fracture of one forearm. The wrist and arm were swollen, tender and obviously in need of treatment. The fracture was approximately a week old. Some injuries were no more than two days old; other wounds had become infected and left scars.
Tira Sibley, a neighbor of Geraldine Miles, observed Keith immobilized in a sheet in July. Leroy Freeman said that it was because the child had been bad. Leroy Freeman then picked up the baby by one wrist and carried him into the kitchen. Geraldine had also been seen handling and throwing Keith by one arm.
Tyron Gable, also a young neighbor, testified that he brought Keith to his home on July 11 because his head was smashed. Geraldine told Tyron that she and Leroy had a fight and Leroy had hit the baby. Tyron's mother and Geraldine took the baby to the hospital. Afterward, Keith stayed at Tyron's home about a week. Geraldine picked him up on Sunday; the child had a swollen hand and arm the next day. Tyron had observed Geraldine beating Keith with a belt because he was crying. When the abuse occurred, Leroy Freeman was twenty-one years of age and Geraldine Miles was seventeen. Geraldine was born June 3, 1963.

ASSIGNMENT OF ERROR NUMBER ONE
Defendants contend that the bill of information should have been quashed for failure to set forth the essential facts of the offense. Prior to the hearing on the motion, the bill was amended to charge that defendants "Violate R.S. 14:93 by committing cruelty to Keith Miles, a child under the age of seventeen, by the intentional or criminally negligent mistreatment or neglect of said child in such a manner as to cause unjustifiable pain and suffering to said child, being themselves over the age of seventeen years." (Tr. 9)
The trial court correctly held that defendants were informed of the statutory basis of the offense and further details could be obtained in response to a bill of particulars. State v. Gainey, 376 So.2d 1240 (La.,1979).
This assignment of error lacks merit.

ASSIGNMENT OF ERROR NUMBER TWO
This assignment was not argued and is considered abandoned.

ASSIGNMENTS OF ERROR NUMBER THREE AND EIGHT
Geraldine Miles contends that the trial court erred in denying two motions for appointment of a Sanity Commission.
At the hearing, there was lay testimony from Leroy Freeman and others that Geraldine Miles had some problems. Her counsel, Ken Rodenbeck, testified that he found her uncooperative and uncommunicative. He had sincere doubts about her capacity to assist in her defense. In rebuttal, the state called Dr. Daniel John Lonowski, a clinical psychologist, who testified as an expert in *585 that field. Dr. Lonowski gave Geraldine Miles the Minnesota Multiphasic Personality Inventory test (M.M.P.I.). She responded realistically and truthfully to the testing, which revealed an antisocial personality but no mental disease or defect. Dr. Lonowski attributed her inability to communicate with her attorney to temporary depression resulting from the stress of being charged with a crime. This inability to respond during a period of depression is not a general feature of her personality and might be an attempt at manipulation. Despite her personality disorder, Dr. Lonowski stated that Geraldine Miles should be able to participate in her defense.
The trial court concluded that Geraldine Miles' personality disorder does not constitute a mental disease or defect which would prevent her from aiding and assisting her counsel. Since the evidence did not create a reasonable doubt about defendant's sanity, the request for the appointment of a Sanity Commission was denied. Geraldine Miles was allowed to amend her plea to add not guilty by reason of insanity.
These assignments of error lack merit.

ASSIGNMENT OF ERROR NUMBER FOUR
Defendants contend that the trial court erred in requiring defendants to elect either a judge or jury trial at the time of their arraignment.
The minutes reflect that both defendants appeared in court with counsel, waived formal arraignment and pleaded not guilty. Each was separately advised of the right to elect trial by jury or trial by judge. Both preferred trial by jury. Counsel objected to his clients being required to make that election at the time of arraignment. It is argued that a judge might have given this type of crime more impartial and objective treatment, but defendants did not make any effort to waive trial by jury after their arraignment.
When the right to trial by jury has been waived, reinstatement is within the discretion of the trial court. It is an abuse of discretion to deny reinstatement unless there would be adverse consequences to the court, the witnesses, or the prosecution. State v. Catanese, 385 So.2d 235 (La.,1980). Even granting that the right to be tried by a judge is of the same fundamental nature as the right to trial by jury, there is no showing that defendants could not have obtained trial by a judge after their initial election. Defendants did not move for trial by a judge at any time and proceeded without objection to their jury trial.
This assignment of error lacks merit.

ASSIGNMENTS OF ERROR NUMBER FIVE AND SEVEN
Defendants assign as error the trial court's denial of two motions for discovery. These motions were correctly denied because they were untimely. LSA-C.Cr.P. art. 521; LSA-C.Cr.P. art. 729. No reason was given for the failure to file timely, and there is no showing that denial of the motions prejudiced defendants.
These assignments of error lack merit.

ASSIGNMENT OF ERROR NUMBER SIX
It is contended that a continuance should have been granted because the bill of information was amended shortly before trial.
Defense counsel argued on the first day of trial, December 8, that he was entitled to a continuance because the bill of information was amended on December 5 to allege that the offense occurred between June 3 and July 25, 1980, rather than between January 1 and July 25, 1980. The amendment narrowed the time frame of the offense. Since the two month period was included within the original six month period, the amendment did not prejudice defendants. The motion for continuance was denied.
The argument is now made that the continuance was needed because the bill of information had been amended on December 2 to allege intentional as well as criminally negligent cruelty. This argument *586 was not made at the trial level before the continuance was denied, and will not be considered now. State v. Taylor, 347 So.2d 172 (La.,1977); State v. Sosa, 328 So.2d 889 (La.,1976).
After the continuance had been denied, defense counsel argued in connection with a motion for discovery that new acts of cruelty had been alleged and he was unable to properly defend the case. The motion for discovery was granted and intentional acts of cruelty were particularized by the state.
Defendants have failed to show any prejudice to the defense resulting from denial of the continuance.
This assignment of error lacks merit.

ASSIGNMENT OF ERROR NUMBER NINE
Defendants contend that the trial court erred in allowing both to be represented by one hired attorney without ascertaining that they had made a knowledgeable waiver of their right to conflict-free counsel. Since only Geraldine Miles could have committed the crime of criminal neglect, she pleaded not guilty by reason of insanity, both made inculpatory statements, and each testified on the other's behalf, it is argued that separate representation was mandated.
It is always advisable to obtain a knowledgeable waiver of the right to separate counsel in anticipation of an appeal. State v. Franklin, 400 So.2d 616 (La.,1981). However, absent a timely objection or special circumstances, a trial court is not required to initiate an inquiry into the propriety of multiple representation. The court can assume either that there is no conflict or that the risk of conflict has been accepted. Cuyler v. Sullivan, 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980). It is only when the possibility of a conflict of interest from joint representation appears that a court has the duty to inquire whether the conflict is disqualifying. Wood v. Georgia, 450 U.S. 261, 101 S.Ct. 1097, 67 L.Ed.2d 220 (1981). After conviction, a defendant must establish that an actual conflict of interest adversely affected the performance of his lawyer in order to obtain a reversal. Cuyler v. Sullivan, supra; State v. Franklin, supra; Wood v. Georgia, supra.
Here, there was nothing to alert the trial court to the necessity of a pretrial inquiry into the propriety of joint representation. Defendants relied on a common defense against a common attack. Cuyler v. Sullivan, supra. The pretrial hearing established that Geraldine's insanity defense was without basis. The focus of the prosecution was on intentional abuse rather than neglect. At no time during trial did the attorney allege that there was a conflict of interest. Compare State v. Franklin, supra. Neither defendant has shown that joint representation adversely affected their lawyer's performance.
This assignment of error lacks merit.

ASSIGNMENTS OF ERROR NUMBER TEN, ELEVEN, AND TWELVE
Defendants contend that separate trials should have been ordered. There was no motion to sever. LSA-C.Cr.P. art. 704(2). The trial court could have ordered separate trials if it had appeared that either of the defendants were prejudiced by the joinder. LSA-C.Cr.P. art. 495.1. However, the defenses were not antagonistic and neither defendant attempted to implicate the other. State v. Scott, 400 So.2d 627 (La.,1981). Geraldine Miles pleaded not guilty by reason of insanity, but the evidence did not support this plea. Dr. Lonowski testified at trial that her personality disorder did not, in his opinion, render her unable to distinguish between right and wrong.
These assignments of error lack merit.

ASSIGNMENT OF ERROR NUMBER THIRTEEN
It is contended that the trial court erred in charging the jury about the possible verdict of guilty of attempted cruelty to a juvenile. It is argued that this was not a responsive verdict for Leroy Freeman. He could not be guilty of attempted neglect because he had no legal responsibility for *587 the child. LSA-R.S. 14:403(B)(4). He could not be guilty of attempted criminal neglect because there is no such crime. State v. Adams, 210 La. 782, 28 So.2d 269 (1946).
There was no evidence that Leroy Freeman had legal responsibility for the child and had neglected him and no evidence that he had been criminally negligent. There was evidence that Leroy Freeman intentionally mistreated Keith. The jury was properly charged with the lesser verdict of attempted cruelty to a juvenile under LSA-R.S. 14:27(C) which provides:
"An attempt is a separate but lesser grade of the intended crime; and any person may be convicted of an attempt to commit a crime, although it appears on the trial that the crime intended or attempted was actually perpetrated by such person in pursuance of such attempt."
This assignment lacks merit.

ASSIGNMENTS OF ERROR NUMBER FOURTEEN AND FIFTEEN
It is alleged that the trial court erred in imposing excessive sentences and failing to properly articulate the reasons for the sentences.
Leroy Freeman was given a maximum sentence of five years for attempted cruelty to a juvenile because the trial court concluded that he was guilty of the larger offense of cruelty and had been given lenity by the jury. Geraldine Miles received the same sentence, half the maximum, because the trial court felt they were equally guilty of mistreating the child and should have the same sentence. Because of the hideous nature of the crimes and the helpless condition of the victim, the trial court correctly concluded that lesser sentences were inappropriate.
These assignments lack merit.

ASSIGNMENT OF ERROR NUMBER SIXTEEN
It is argued that LSA-R.S. 14:93 is unconstitutionally vague and illegal. State v. Comeaux, 319 So.2d 897 (La.,1975) held that the statute "... gives a person of ordinary intelligence fair notice of what conduct is criminal." 319 So.2d 899.
This assignment of error lacks merit.

ASSIGNMENT OF ERROR NUMBER SEVENTEEN
Defendants contend that there was insufficient evidence to find them guilty beyond a reasonable doubt of the crime charged or any lesser offense.
This assignment of error lacks merit.

ASSIGNMENT OF ERROR NUMBER EIGHTEEN
Defendants contend that the state failed to prove venue in the Parish of Rapides and therefore the Ninth Judicial District Court was without jurisdiction. Art. 1, § 16, LSA-Const. of 1974; LSA-C.Cr.P. art. 611.
Defendant, Leroy Freeman, stated that he lived in Alexandria and worked for the City of Alexandria gas department. Keith was treated at a hospital in Pineville. The social worker who investigated the complaints of child abuse is employed by the child protection center in Alexandria, Louisiana, as is the homemaker who was assigned to assist Geraldine Miles with the baby. Thomas Cicardo, a detective with the Alexandria Police Department, testified that he had investigated a complaint involving Geraldine Miles and Leroy Freeman. Both Pineville and Alexandria, Louisiana, are located in the Parish of Rapides. Geraldine Miles gave her address. The crime actually occurred at the Miles' home. The trial court could take judicial notice of the fact that the Miles' address was located in the Parish of Rapides. State v. Williams, 402 So.2d 678 (La.,1981). Venue was proper in Rapides Parish.
This assignment of error lacks merit.
For the foregoing reasons, the convictions and sentences of defendants, Leroy Freeman and Geraldine Miles, are affirmed.
AFFIRMED.
NOTES
[*] Judges O. E. Price and Fred W. Jones, Jr., of the Court of Appeal, Second Circuit, and Judge John C. Boutall of the Court of Appeal, Fourth Circuit, participated in this decision as Associate Justices Ad Hoc, joined by Associate Justices Calogero, Marcus, Dennis and Watson.
[1] LSA-R.S. 14:93 provides:

"Cruelty to juveniles is the intentional or criminally negligent mistreatment or neglect, by anyone over the age of seventeen, of any child under the age of seventeen whereby unjustifiable pain or suffering is caused to said child. Lack of knowledge of the child's age shall not be a defense.
"Whoever commits the crime of cruelty to juveniles shall be fined not more than one thousand dollars, or imprisoned for not more than ten years, with or without hard labor, or both."
[2] At trial, the evidence was that Leroy resided with his mother and only visited Geraldine.