486 So.2d 895 (1986)
STATE of Louisiana
v.
Clay L. PITTMAN.
No. 85 KA 1261.
Court of Appeal of Louisiana, First Circuit.
March 25, 1986.
Lewis V. Murray, Asst. Dist. Atty., Franklinton, for plaintiff-appellee.
Richard W. Watts, Franklinton, for defendant-appellant.
Before CARTER, SAVOIE and ALFORD, JJ.
SAVOIE, Judge.
Defendant, Clay L. Pittman, appeals his conviction for distribution of cocaine in violation of LSA-R.S. 40:967 A.
On July 22, 1983, Tangipahoa Parish Sheriff's Deputy Timothy Oliver, an undercover narcotics officer, was introduced to the defendant by a confidential informant at an eating establishment in Franklinton, Louisiana. During the course of their conversation, defendant allegedly mentioned that he had some cocaine to sell. Thereafter, the parties left the eating establishment and proceeded to a nearby area where the drug transaction allegedly took place. As a result thereof, defendant was subsequently arrested and charged by bill of information with one count of distribution of cocaine in violation of LSA-R.S. 40:967 A. Thereafter, defendant pled not guilty and elected to be tried by jury. At the conclusion of said trial, defendant was *896 found guilty as charged and sentenced to seven years at hard labor.
Defendant appeals, contending that the trial court erred in:
1. Allowing the cocaine into evidence without proper chain of custody,
2. Denying the defendant's motion for a new trial, and
3. Finding the evidence sufficient to support defendant's conviction.

ASSIGNMENT OF ERROR NO. 1
Defendant first contends that the trial court erred in permitting the cocaine into evidence without a proper chain of custody. Specifically, he asserts that Deputy Oliver failed to place any identifying marks on the aluminum foil packet allegedly supplied to Deputy Oliver by defendant. Based thereon, he contends that the introduction thereof was error. Further, defendant contends that the officers who transported the evidence from the crime lab and/or tested the evidence were unavailable for cross-examination.
It is well settled that demonstrative evidence to be admitted at trial must be identified. This identification can be visual, that is, by testimony at trial that the object exhibited is the one related to the case. Alternatively, it can be identified by a chain of custody, that is, by establishing the custody of the object from the time it was seized to the time it was offered into evidence. State v. Sweeney, 443 So.2d 522 (La.1983); and State v. Sensley, 460 So.2d 692 (La.App. 1st Cir.1984), writ denied, 464 So.2d 1374 (La.1985). There is no requirement that the evidence as to custody must eliminate all possibilities that the object has been altered. For admission, it suffices if the custodial evidence establishes that it was more probable than not that the object is the one connected to the case. A preponderance of the evidence is sufficient. State v. Dotson, 260 La.471, 256 So.2d 594 (1971), cert. denied, 409 U.S. 913, 93 S.Ct. 242, 34 L.Ed.2d 173 (1972). Moreover, any lack of positive identification or a defect in the chain of custody goes to the weight of the evidence rather than to its admissibility. State v. Taylor, 422 So.2d 109 (La. 1982), cert. denied, 460 U.S. 1103, 103 S.Ct. 1803, 76 L.Ed.2d 367 (1983). Ultimately, a chain of custody or connexity of the physical evidence is a factual matter to be determined by the jury. State v. Freeman, 306 So.2d 703 (La.1975).
In the matter sub judice, the uncontroverted testimony of Deputy Oliver indicates that the aluminum packet introduced into evidence is the same one that he purchased from defendant. While he made no identifying marks on the aluminum foil packet itself, he had marked the small manila envelope into which he had placed the aluminum foil packet when transporting same to the Louisiana State Police Crime Lab. Deputy Oliver further testified that the aluminum foil packet was in his possession from the moment he purchased it from defendant until he personally delivered it to the crime Lab. As to the return of same from the crime lab, Deputy Oliver testified that the packet was picked up by his partner and delivered to him. He stated that he had possession and control of the evidence from his partner's delivery to him until the trial. Although Deputy Oliver's partner, Deleroy Mathern, failed to testify, Deputy Oliver's testimony sufficiently explained Deputy Mathern's role in the pickup and delivery of the evidence. Based upon these findings, we find that the trial court did not err in admitting the evidence based upon Deputy Oliver's identification of same.
Defendant also complains of being unable to cross-examine crime lab personnel regarding the evidence. LSA-R.S. 15:499 sets forth certain requirements for a scientific analysis by the State Crime Lab. Where an analysis report meets those requirements and is introduced into evidence at trial, it shall be received as prima facie proof of the contents of the evidence and of the proper chain of custody from the time of delivery to the laboratory until the time of its removal for transport to the court. LSA-R.S. 15:500. Where the defendant wishes to cross-examine crime lab personnel *897 regarding the testimony of the evidence or chain of custody, such person must be subpoenaed. Absent such action, the report is prima facie proof of its contents. See LSA-R.S. 15:500.
Herein, the record indicates that defendant failed to subpoena any of the crime lab personnel regarding the evidence's testing or chain of custody. As such, the report is prima facie proof of the contents therein. Thus, the trial court did not err in denying defendant's request to cross-examine the crime lab personnel and admitting the aluminum foil packet of cocaine into evidence. Based hereon, this assignment of error is without merit.

ASSIGNMENTS OF ERROR NOS. 2 and 3
Defendant next argues that the evidence adduced was insufficient to convict. As such, he contends that the trial court erred in denying his motion for a new trial.
It is well settled that the standard of review for the sufficiency of evidence to uphold a conviction is whether, viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could conclude that the state proved the essential elements of the crime beyond a reasonable doubt. See LSA-C.Cr.P. art. 821; and State v. Korman, 439 So.2d 1099 (La.App. 1st Cir.1983).
In the instant matter, the uncontradicted testimony of Deputy Oliver establishes that he, a confidential informant'[1], and the defendant met by chance at an eating establishment. During their conversation, defendant asked Deputy Oliver if he desired to purchase any cocaine. Upon leaving the eating establishment, the parties went to a nearby location where defendant sold a portion of his cocaine to Deputy Oliver. Testimony indicates that the cocaine was placed in an aluminum foil packet by defendant, given to Deputy Oliver, and that such substance was subsequently taken by him to the Louisiana State Crime Lab. Such substance was subsequently identified as a scheduled II-A-4 substance, namely cocaine.
Taking the entire record as a whole and viewing same in the light most favorable to the prosecution, we find that a rational trier of fact could conclude that the state proved the essential elements of this crime beyond a reasonable doubt. Accordingly, the trial court properly denied defendant's motion for a new trial. Based hereon, these assignments of error are without merit.
For the above and foregoing reasons, defendant's conviction is hereby affirmed.
AFFIRMED.
NOTES
[1] We note that the confidential informant, Gilbert Cooper, did not testify at trial. The record shows that Mr. Cooper was killed some three weeks prior to trial.