633 So.2d 659 (1993)
STATE of Louisiana
v.
Michael BROOKS.
No. 93 KA 0388.
Court of Appeal of Louisiana, First Circuit.
December 29, 1993.
Writ Denied May 20, 1994.
*661 William Quinn, Asst. Dist. Atty., Tangipahoa Parish, Amite, for plaintiff-appellee.
Michael Thiel, Hammond, for defendant-appellant.
Before FOIL, PITCHER and PARRO, JJ.
PITCHER, Judge.
The defendant, Michael Brooks, was charged by grand jury indictment with two counts of distribution of cocaine, in violation of LSA-R.S. 40:967A(1). He pled not guilty and elected trial by jury. Subsequently, Count 2 was amended to a charge of distribution of a counterfeit controlled dangerous substance (counterfeit cocaine), a violation of LSA-R.S. 40:967A(2). After a jury trial, the defendant was found guilty as charged on both counts. He received two concurrent sentences of ten years at hard labor, with credit for time served. He has appealed, alleging eight assignments of error, as follows:
1. The trial court erred by allowing the prosecution to introduce inadmissible other crimes evidence.
2. The defendant was denied the effective assistance of counsel.
3. The trial court erred in allowing State Exhibit 5 to be introduced into evidence.
4. The trial court erred in denying the defendant's motion for a directed verdict on Count 2.
5. The trial court erred in denying the defendant's motion for a mistrial.
6. The trial court erred in denying the defendant's motion in arrest of judgment.
7. The trial court erred in imposing excessive sentences.
8. The verdicts were contrary to the weight of the evidence.
Assignment of error number two was not briefed on appeal and, therefore, is considered abandoned. Uniform RulesCourts of Appeal, Rule 2-12.4.

*662 FACTS

At approximately 7:00 p.m. on February 26, 1990, while working in an undercover capacity, Agent Norman Manton of the Tangipahoa Parish Sheriff's Department entered the parking lot of the Cut Rate Bar in Amite, Louisiana. He was accompanied by another agent, Terri Bridges, of the Tangipahoa Parish Sheriff's Department. When they entered the parking lot, an unknown individual approached the car and asked what they were looking for. Agent Manton responded that he was looking to purchase "a couple of rocks." The individual directed Manton to a royal blue Pontiac Trans Am or Firebird and stated that he should "talk to Brooks." Agent Manton approached this vehicle and observed the defendant sitting inside. Agent Manton asked the defendant for "two rocks." The defendant opened a matchbox, retrieved two rocks, and sold them to Manton for $40.00. This particular transaction took place at approximately 7:10 p.m. Agent Manton returned to his undercover police vehicle, drove to a nearby location, and placed the two rocks of suspected cocaine in an evidence envelope.
Shortly thereafter, he returned to the parking lot of the Cut Rate Bar and purchased another "rock" from the defendant for $20.00. This second transaction took place at approximately 7:35 p.m. Agent Manton again drove to a nearby location and placed this rock of suspected cocaine in another evidence envelope. He later picked out the defendant's photograph from a number of booking photos and identified the defendant as the individual who sold him three rocks of suspected cocaine for $60.00. Although the defendant originally was indicted with two counts of distribution of cocaine, the amendment of the second count in the indictment occurred when testing at the Louisiana State Police Crime Laboratory (LSPCL) revealed that the first two rocks contained cocaine, but the third rock was free of controlled dangerous substances.
At the trial, Agent Willie Turner of the Tri-Parish Narcotics Task Force testified regarding the chain of custody of the evidence and its delivery to the LSPCL. Jerry Harrison, a technician from the LSPCL, was qualified as an expert in analyzing narcotics and in toxicology. He explained the procedures used to preserve the chain of custody of the evidence and to analyze it scientifically. His testing revealed that the first two rocks contained cocaine, but the third rock was free of controlled dangerous substances.
Agent Manton's testimony related the details of the two transactions. He identified the defendant in court as the individual who had sold him three rocks of suspected cocaine for $60.00. Agent Bridges gave testimony which substantially corroborated Manton's testimony, although she explained that she could not identify the defendant because she was unable to see inside his vehicle during the two transactions. She explained that her role in these transactions was to provide surveillance and to serve as a backup undercover officer.
The defendant did not testify at the trial, nor did the defense produce any evidence or witnesses.

ASSIGNMENTS OF ERROR NUMBERS ONE AND THREE
In these assignments of error, the defendant contends that the trial court erred in allowing State Exhibit 5 (a booking photograph of the defendant) to be introduced into evidence over his objections. The defendant argued four separate grounds under these two assignments.
In his brief to this Court, the defendant states: "The defense was blind-sided by the introduction of the photograph, which was not provided in discovery pursuant to LSA-C.Cr.P. art. 718(2)." At trial, when the prosecutor offered to introduce State Exhibit 5 into evidence, defense counsel objected that the photograph had not been provided in discovery. However, the prosecutor responded that the State had answered the defendant's request for discovery and that there had been no objection by the defense to the State's answer. The prosecutor further noted that defense counsel had been invited in the State's answer to discovery to come and look at the evidence, but defense counsel never did so. Thereafter, the trial court overruled the defendant's objection on *663 this basis. We find no error in the trial court's ruling. Our decision is supported by the State's answer to the defendant's discovery motion, which invited defense counsel to make mutually convenient arrangements to come and inspect any physical evidence which the State intended to use at trial.
At the same time that the discovery objection was entered, noting that State Exhibit 5 was a booking photograph, the defendant also objected on the basis that it was prejudicial evidence of another crime. However, the trial court overruled the defendant's objection on this basis. This ruling was correct. Identical arguments have been considered and rejected by both the Louisiana Supreme Court and this Court. See State v. Williams, 402 So.2d 678, 680 (La. 1981); State v. Jones, 381 So.2d 416, 418 (La.1980). See also State v. Williams, 458 So.2d 1315, 1342 (La.App. 1st Cir.1984), writ denied, 463 So.2d 1317 (La.1985).
Finally, the defendant objected to State Exhibit 5 on the basis that a proper foundation had not been laid by the State. The trial court overruled this objection. For the following reasons, we find no error in this ruling. The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims. LSA-C.E. art. 901A. Agent Manton explained when, where, and how he obtained State Exhibit 5. He testified that he identified the defendant as the individual who sold him three rocks of suspected cocaine by obtaining the defendant's booking photograph. Agent Manton also positively identified the defendant in court.
The defendant's last argument under these assignments of error is that Agent Manton's identification of State Exhibit 5 was made through a suggestive identification procedure and, therefore, the photograph was inadmissible at trial. However, he did not file a motion to suppress the identification, nor did he object on this basis at trial. A defendant who fails to file a motion to suppress an identification, and who fails to object at trial to the admission of the identification evidence or testimony, waives the right to assert the error on appeal. LSA-C.Cr.P. arts. 703 and 841; State v. Naas, 409 So.2d 535, 547 (La.1981) (on rehearing), cert. den., 457 U.S. 1119, 102 S.Ct. 2933, 73 L.Ed.2d 1332 (1982); State v. Phanor, 325 So.2d 579, 581 (La.1976).
For the above reasons, these assignments of error are meritless.

ASSIGNMENT OF ERROR NUMBER FOUR
In this assignment of error, the defendant contends that the trial court erred in denying his motion for a directed verdict on Count 2 (distribution of a counterfeit controlled dangerous substance).
LSA-C.Cr.P. art. 778 provides for a motion for a judgment of acquittal, but only in a bench trial. It is well settled that the trial court has no authority to grant a directed verdict in a criminal jury trial. LSA-C.Cr.P. art. 778; State v. Patterson, 540 So.2d 515, 517 (La.App. 1st Cir.1989).
This assignment of error is meritless.

ASSIGNMENT OF ERROR NUMBER FIVE
In this assignment of error, the defendant contends that the trial court erred in denying his motion for a mistrial.
Immediately after the clerk announced guilty verdicts for both counts, the trial court: (1) ordered the clerk to record the verdicts; (2) ordered the defendant remanded to the custody of the Sheriff; (3) set a sentencing date; and (4) ordered a presentence investigation report. Defense counsel then requested that the jury be polled. When the jurors were polled, the poll revealed votes of seven "yes" and five "no" on each count. The trial court explained that ten jurors must agree on a verdict. Thereafter, the trial court noted that the jury foreman advised that he had ten guilty verdicts in the jury room. After asking if any jurors had changed their minds, the trial court ordered the jury to return to the jury room, reminding them again that ten jurors must agree on a verdict. Defense counsel then *664 requested either a mistrial or a "hung jury mistrial" arguing that technically the defendant had been acquitted and that it was improper to order the jury to deliberate further. The trial court denied the motion. Thereafter, the jury returned to the courtroom and the clerk announced two guilty verdicts. The polling this time revealed guilty verdicts of ten "yes" and two "no" on each count.
Considering the above circumstances, we find no error in the trial court's ruling denying the defendant's request for a mistrial and ordering further jury deliberations. Contrary to the defendant's argument, there was not a "hung jury," nor had the defendant been acquitted. In fact, although the jurors had announced that they had reached two verdicts, the polling result of seven to five on each count reflected that they had not reached a legal verdict on either count. The trial court properly exercised its discretion, as provided in LSA-C.Cr.P. art. 812, by having the jury return for further deliberations after advising them that ten votes were needed to reach a verdict. See and compare State v. Hayes, 414 So.2d 717, 722-723 (La. 1982).
In his brief to this Court, while the defendant complains that the jury was retired for further deliberations after hearing the trial court remand the defendant to jail and set a sentencing date, we find no undue prejudice under these circumstances. Furthermore, we are compelled to note that if the defendant had requested a polling of the jury immediately after the initial guilty verdicts were announced, he could have prevented the trial court from making these remarks prior to the announcement in court of valid jury verdicts.
This assignment of error is meritless.

ASSIGNMENT OF ERROR NUMBER SIX
In this assignment of error, the defendant contends that the trial court erred in denying his motion in arrest of judgment. The motion was directed solely at the defendant's conviction on Count 2, distribution of a counterfeit controlled dangerous substance. Specifically, the defendant cites State v. James, 517 So.2d 291 (La.App. 1st Cir.1987), for the proposition that Count 2 of the instant indictment was fatally defective because it failed to charge a valid offense. He argues that the amendment of Count 2 to distribution of a counterfeit controlled dangerous substance did not identify which counterfeit controlled dangerous substance he allegedly distributed. Because we must reverse the defendant's conviction on Count 2 due to insufficient evidence (as will be noted in our treatment of assignment of error number eight), we do not address this assignment of error.

ASSIGNMENT OF ERROR NUMBER EIGHT
In this assignment of error, the defendant contends that the evidence was insufficient to support his convictions. We note that, in order to challenge these convictions on the basis of insufficiency of the evidence, the defendant should have proceeded by way of a motion for post verdict judgment of acquittal. See LSA-C.Cr.P. art. 821. Nevertheless, we will consider a claim of insufficiency of the evidence which has been briefed pursuant to a formal assignment of error. See State v. Tate, 506 So.2d 546, 551 (La.App. 1st Cir.), writ denied, 511 So.2d 1152 (La.1987).
The standard of review for the sufficiency of the evidence to uphold a conviction is whether or not, viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could conclude that the State proved the essential elements of the crime and the defendant's identity as the perpetrator of that crime beyond a reasonable doubt. See LSA-C.Cr.P. art. 821; State v. Johnson, 461 So.2d 673, 674 (La.App. 1st Cir.1984).
In his brief to this Court regarding his conviction under Count 1, the defendant does not contest the fact that a drug transaction occurred. Instead, he raises the issue of the identification. Where the key issue is the defendant's identity as the perpetrator, rather than whether or not the crime was committed, the State is required to negate any reasonable probability of misidentification. State v. Richardson, 459 So.2d 31, *665 38 (La.App. 1st Cir.1984). Positive identification by only one witness may be sufficient to support the defendant's conviction. State v. Royal, 527 So.2d 1083, 1086 (La.App. 1st Cir.), writ denied, 533 So.2d 15 (La.1988). The uncontradicted identification testimony of an undercover narcotics officer is sufficient to support the defendant's conviction of distribution of cocaine. See State v. Pittman, 486 So.2d 895, 897 (La.App. 1st Cir.1986).
In the instant case, Agent Manton identified the defendant in court as the person from whom he purchased cocaine during this particular drug transaction. This direct, uncontroverted evidence identifying the defendant as the perpetrator of this offense was sufficient to negate any reasonable probability of misidentification. The instant guilty verdict indicates that the jury accepted the testimony of the State's witnesses. As the trier of fact, the jury was free to accept or reject, in whole or in part, the testimony of any witness. State v. Richardson, 459 So.2d at 38.
After a careful review of the record, we believe that a rational trier of fact, viewing the evidence in the light most favorable to the prosecution, could have concluded that the State proved beyond a reasonable doubt that the defendant committed the offense of distribution of cocaine charged in Count 1.
However, for the following reasons, we must reverse the defendant's conviction and sentence for the offense of distribution of a counterfeit controlled dangerous substance (counterfeit cocaine) charged in Count 2. LSA-R.S. 40:971.1A provides:
It shall be unlawful for any person to produce, manufacture, distribute or dispense any substance which is falsely represented to be a controlled dangerous substance or which is falsely represented to be a counterfeit controlled dangerous substance.
There is no doubt that the evidence presented at trial proved beyond a reasonable doubt that the defendant violated LSA-R.S. 40:971.1A by selling a substance that was falsely represented to be a controlled dangerous substance (an alleged cocaine rock). See State v. Ourso, 438 So.2d 1239, 1243 (La.App. 3d Cir.), writ denied, 442 So.2d 460 (La. 1983). Yet, the defendant was not charged with a violation of LSA-R.S. 40:971.1A. Instead, he was charged with a violation of LSA-R.S. 40:967A(2), which provides:
Except as authorized by this Part or by Part VII-B of Chapter 5 of Title 40 of the Louisiana Revised Statutes of 1950, it shall be unlawful for any person knowingly or intentionally:
* * * * * *
To create, distribute, or possess with intent to distribute, a counterfeit controlled dangerous substance classified in Schedule II. (Footnotes omitted.)
LSA-R.S. 40:961(8) provides:
"Counterfeit substance" means a controlled dangerous substance which, without authorization, bears the trademark, trade name or other identifying mark, imprint, number or device, or any likeness thereof, of a manufacturer, distributor or dispenser other than the person or persons who in fact, manufactured, distributed, or dispensed such substance and which thereby falsely purports or is represented to be the product of, or to have been distributed by, such other manufacturer, distributor, or dispenser.
After considering the definition of "counterfeit substance" noted above, we find that the evidence is insufficient to prove that the defendant, by delivering to Agent Manton a substance allegedly represented to be a rock of cocaine, committed a violation of LSA-R.S. 40:967A(2). There was no evidence introduced herein that this alleged cocaine rock bore a "trademark, trade name or other identifying mark, imprint, number or device, or any likeness thereof, of a manufacturer, distributor, or dispenser." Furthermore, it is obvious that the defendant did not falsely purport or represent this alleged cocaine rock to be "the product of, or to have been distributed by" any particular "manufacturer, distributor, or dispenser." While this Court has the authority under LSA-C.Cr.P. art. 821C to enter a modified judgment of conviction on a lesser included responsive offense, after comparing the elements of the charged offense with those present in LSA-R.S. *666 40:971.1A, we cannot conclude that the offense of distribution of a substance falsely represented to be a controlled dangerous substance (LSA-R.S. 40:971.1A) is a lesser included responsive offense to the charge of distribution of a counterfeit controlled dangerous substance, as defined by LSA-R.S. 40:961(8) and 967A(2). Accordingly, the defendant's conviction and sentence for distribution of a counterfeit controlled dangerous substance (counterfeit cocaine) charged in Count 2 are hereby reversed.

ASSIGNMENT OF ERROR NUMBER SEVEN
In this assignment of error, the defendant contends that the trial court erred in imposing excessive sentences.
The Code of Criminal Procedure sets forth items which must be considered by the trial court before imposing sentence. LSA-C.Cr.P. art. 894.1 (prior to its amendment by Act 22, Sec. 1, of 1991).[1] The trial court need not recite the entire checklist of Article 894.1, but the record must reflect that it adequately considered the guidelines. State v. Herrin, 562 So.2d 1, 11 (La.App. 1st Cir.), writ denied, 565 So.2d 942 (La.1990). In light of the criteria expressed by Article 894.1, a review for individual excessiveness should consider the circumstances of the crime and the trial court's stated reasons and factual basis for its sentencing decision. State v. Watkins, 532 So.2d 1182, 1186 (La. App. 1st Cir.1988).
Although a sentence falls within statutory limits, it may be excessive. State v. Sepulvado, 367 So.2d 762, 767 (La.1979). However, the trial court is given wide discretion in the imposition of sentences within the statutory limits; and such a sentence will not be set aside as excessive in the absence of manifest abuse of discretion. State v. Latiolais, 563 So.2d 469, 473 (La.App. 1st Cir. 1990).
Before imposing sentence, the trial court reviewed the presentence investigation report, which indicated that the defendant had only a single misdemeanor conviction for simple battery, but he had a lengthy record of misdemeanor and felony arrests for both property crimes and crimes against persons. Noting that the defendant's probation for the simple battery conviction had been revoked, the court concluded that the defendant would be unable to respond to probationary treatment and further concluded that there was an undue risk of further criminal conduct during any period of probation. The court found no provocation or justification for selling illegal narcotics. Finally, the trial court concluded that the defendant was in need of correctional treatment and stated that any lesser sentences would deprecate the seriousness of the offenses. Our review of the sentencing transcript indicates that the trial court thoroughly complied with the Article 894.1 guidelines.
The defendant received two concurrent sentences of ten years at hard labor, with credit for time served. However, because we reverse his conviction and sentence for distribution of a counterfeit controlled dangerous substance (counterfeit cocaine) charged in Count 2, we consider only the remaining sentence. For his conviction of distribution of cocaine, the defendant was exposed to a minimum sentence of five years at hard labor, a maximum sentence of thirty years at hard labor, and a maximum fine of fifteen thousand dollars. See LSA-R.S. 40:967B(1). The defendant did not receive a fine; and his sentence of ten years at hard labor was in the lower range of the sentencing scale. Considering the circumstances of the instant offense, the defendant's criminal record, and the reasons for sentencing given by the trial court, we conclude that the instant sentence is not excessive.
This assignment of error is meritless.
CONVICTION AND SENTENCE FOR DISTRIBUTION OF COCAINE (COUNT 1) AFFIRMED; CONVICTION AND SENTENCE FOR DISTRIBUTION OF A COUNTERFEIT CONTROLLED DANGEROUS *667 SUBSTANCE (COUNT 2) REVERSED.
NOTES
[1] The defendant was sentenced on November 4, 1991, prior to the effective date of the new sentencing guidelines (January 1, 1992).