986 So.2d 716 (2008)
STATE of Louisiana
v.
Wilbert J. ROBINSON.
No. 08-KA-25.
Court of Appeal of Louisiana, Fifth Circuit.
May 27, 2008.
*717 Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux, Anne Wallis, Shannon Swaim, Assistant District Attorneys, Parish of Jefferson, Gretna, LA, for Plaintiff/Appellee.
Prentice L. White, Attorney at Law, Louisiana Appellate Project, Baton Rouge, LA, for Defendant/Appellant.
Panel composed of Judges EDWARD A. DUFRESNE, JR., FREDERICKA HOMBERG WICKER, and GREG G. GUIDRY.
FREDERICKA HOMBERG WICKER, Judge.
On July 1, 2004, the Jefferson Parish District Attorney filed a bill of information charging defendant, Wilbert J. Robinson, with attempted simple arson greater than $500.00 in violation of LSA-R.S. 14:27 and 14:52, simple arson greater than $500.00 in violation of LSA-R.S. 14:52, and three counts of armed robbery in violation of LSA-R.S. 14:64. Defendant was arraigned on July 6, 2004 and pled not guilty. On October 14, 2004, the trial court denied *718 defendant's motion to suppress the evidence after a hearing.
On October 3 and 4, 2007, the case was tried before a 12-person jury which unanimously found defendant guilty. Defendant's motion for new trial was denied on October 25, 2007. On that same date, defendant waived sentencing delays, and the trial court sentenced him to five years imprisonment at hard labor for attempted simple arson, ten years imprisonment at hard labor for simple arson, and twenty years imprisonment at hard labor for each of the three counts of armed robbery, with all sentences to run concurrently. Defendant's motion for reconsideration of sentence was denied, and his timely motion for appeal was granted.
Defendant was convicted after being charged in a string of armed robberies on both the East and West banks of Jefferson Parish. Defendant and his co-defendants stole two vehicles and several other pieces of personal property from their victims. After the defendant and his cohorts completed their robberies, they decided that it was in their best interest to dispose of the stolen vehicles. Trial testimony revealed that the participants took the vehicles to nearby train tracks to burn them. Defendant assisted in pouring gasoline on the vehicles, and, after realizing no one had a lighter, defendant took the gun used in the robberies and shot one of the cars. It still did not ignite. Concerned someone may have heard the gunshots, two of the participants left the scene. Defendant and another participant remained.
Defendant asked the other participant for a cigarette, lit the cigarette, and went to the truck to retrieve the keys from the vehicle as a "souvenir." Defendant dropped the cigarette after being startled by a gunshot and was engulfed in flames. He later sought treatment at Charity Hospital for burn injuries stemming from the fire.
Jefferson Parish Detective Roger Gorumba testified that he was aware that two vehicles had been stolen in two separate armed robberies and that one of the vehicles had been set on fire and the other was saturated with gasoline. He also learned from Charity Hospital that a burn victim had been admitted with inexplicable injuries. Detective Gorumba testified that the defendant was evasive when questioned about his injuries. The detectives then went to defendant's house to see if they could learn how the defendant had been burned. When they arrived, they met defendant's housemates, Antrel Brown (defendant's cousin) and Nicholas Anderson (Brown's boyfriend).
After entering the residence, the detectives observed stolen property as well as one of the robbery victim's driver's licenses. The detective asked Brown to sign a "consent to search" form, which she did willingly and without coercion. The detectives searched the main areas of the house and discovered a .9 millimeter handgun in Brown's closet. The detectives returned to Charity with a search warrant to obtain the defendant's property. Detectives found $509.00 in cash as well as two sets of keys, one of which was later discovered to be the keys to the red truck that had been stolen and burned. Defendant was released from the hospital and arrested.

ASSIGNMENT OF ERROR
Defendant's first assignment of error is that the trial judge erred in failing to suppress the evidence retrieved from the hospital. However, defendant only briefs the motion to suppress evidence retrieved from his house. Rule 2-12.4 of the Uniform Rules, Court of Appeal, states that all specifications or assignments of error must be briefed, and the appellate court may consider as abandoned any *719 specification or assignment of error that has not been briefed. Simply restating an assigned error in brief without argument or citation of authority does not constitute briefing. State v. Lauff, 06-717 (La.App. 5 Cir. 2/13/07), 953 So.2d 813, 819. In State v. Fernandez, 03-987 (La.App. 5 Cir. 12/30/03), 864 So.2d 764, 770, this Court found that the defendant failed to brief his position where he merely asserted his position, but neglected to include argument or any legal citation in support thereof. This Court found that the assertions presented nothing for review on appeal.
Likewise, in the instant case, there is no argument in defendant's original brief related to the motion to suppress evidence. Only in defendant's reply brief is the issue of the alleged unlawful seizure related to items retrieved from the hospital addressed. This Court finds that the argument in the reply brief, albeit late, is sufficient for purposes of complying with the Court's requirement.
The defendant also briefed, but did not assign as error, his claim that the trial court erred by denying the motion to suppress the evidence retrieved from his house. LSA-C.Cr.P. art. 920 provides that the scope of appellate review extends only to an error designated in the assignment of errors or an error patent. The assignment should have been designated for review. State v. Overton, 337 So.2d 1201, 1207 (La.1976). However, other jurisdictions have considered a defendant's claim that was addressed in his brief, even though it was not formally listed as an assignment of error. State v. Jones, 553 So.2d 928, 929-30 (La.App. 4 Cir.1989). This Court finds that defendant's brief sufficiently addresses this assignment of error. Because defendant's briefs rectify the technical errors, this Court will address both assignments.

MOTION TO SUPPRESS EVIDENCE
Defendant asserts as his first assignment of error that the trial court erred in permitting the state to introduce evidence retrieved from his home pursuant to what he alleged was an illegal search of his residence. He also alleged that those items retrieved from the custody of Charity hospital should not have been admitted because they were not in his possession during his stay at Charity and so there was no way of knowing if the items retrieved belonged to him.
The Fourth Amendment of the U.S. Constitution and Article I, § 5 of the Louisiana Constitution protect individuals from unreasonable searches and seizures. State v. Manson, 01-159 (La.App. 5 Cir. 6/27/01), 791 So.2d 749, 755, cert. denied, 01-2269 (La.9/20/02), 825 So.2d 1156. If evidence is derived from an unreasonable search or seizure, the proper remedy is to exclude the evidence from trial. State v. Boss, 04-457, p. 5 (La.App. 5 Cir. 10/26/04), 887 So.2d 581, 585. Warrantless searches and seizures are unreasonable per se unless justified by a specific exception to the warrant requirement. Manson, at 757.
The State has the burden of proving the consent was given freely and voluntarily when it relies on consent to justify a warrantless search. State v. Joseph, 04-1240, p. 10 (La.App. 5 Cir. 4/26/05), 901 So.2d 590, 597, writ denied, 05-1700 (La.2/3/06), 922 So.2d 1176 (citation omitted). In a hearing on a motion to suppress, the State bears the burden of proof in establishing the admissibility of evidence seized without a warrant. LSA-C.Cr.P. art. 703(D). The trial court's decision to deny a motion to suppress is afforded great weight and will not be set aside unless the preponderance of the evidence clearly favors suppression. State v. *720 Flagg, 01-65, pp. 4-5 (La.App. 5 Cir. 7/30/01), 792 So.2d 133, 138, writ denied, 01-2534 (La.9/20/02), 825 So.2d 1159 (citation omitted). To determine whether the trial court's denial of the motion to suppress is correct, the appellate court may consider the evidence adduced at the suppression hearing as well as the evidence presented at trial. State v. Brumfield, 96-2667, p. 43 (La.10/20/98), 737 So.2d 660, 683, cert, denied, 526 U.S. 1025, 119 S.Ct. 1267, 143 L.Ed.2d 362 (1999); State v. Butler, 01-0907, pp. 6-7 (La.App. 5 Cir. 2/13/02), 812 So.2d 120, 124 (citation omitted).
Consent to search constitutes one of the exceptions to the probable cause and warrant requirements of the Fourth Amendment when it is freely and voluntarily given by a person who possesses common authority over or other sufficient relationship to the premises or effects sought to be inspected. State v. Nicholas, 06-903, p. 8 (La.App. 5 Cir. 4/24/07), 958 So.2d 682, 687, citing United States v. Matlock, 415 U.S. 164, 94 S.Ct. 988, 993, 39 L.Ed.2d 242 (1974). In United States v. Matlock, 94 S.Ct. at 993, n. 7, the United States Supreme Court made clear that someone who has common authority over a residence, described as "mutual use" and "joint access and control for most purposes," may consent to a search that is valid as against a co-occupant. State v. Nicholas, 06-903 at 8, 958 So.2d at 687. Inherent in that analysis however, is the requirement that the third party must possess common authority over the residence at issue. In Matlock, the Supreme Court discussed the issue of common authority and noted that it does not automatically flow from the third party's property interest in the search area:
Common authority is, of course, not to be implied from the mere property interest a third party has in the property. The authority which justifies the third-party consent does not rest upon the law of property with its attendant historical and legal refinements, [citation omitted] but rests rather on mutual use of the property by persons generally having joint access or control for most purposes, so that it is reasonable to recognize that any of the co-inhabitants has the right to permit the inspection in his own right and that the others have assumed the risk one of their number might permit the common area to be searched.
State v. Gomez, 01-717 (La.App. 5 Cir. 11/27/01), 802 So.2d 914, citing Matlock, 94 S.Ct. at 993.
In Gomez, supra, this Court also discussed the decision in United States v. Poole, 307 F.Supp. 1185 (E.D.La.1969) for the following proposition: "the rule which emerges is that a defendant may object to a search consented to by another where the defendant has exclusive control over a part of the premises searched or over an `effect' on the premises which is itself capable (and is) `searched.' `Enclosed spaces' over which a non-consenting party has a right to exclude others, whether rooms or effects, are protected." Gomez, at 919, citing Poole, 307 F.Supp. at 1189.
The first issue presented is whether defendant's housemates had the authority to consent to a search of the defendant's house. The facts adduced at trial indicate that the defendant told the detective at the hospital that his emergency contacts were the people who lived with him, Antrel Brown and Brown's boyfriend, Nicholas Anderson. The detective testified that when he arrived at the house, Brown and Anderson answered the door wearing clothes and acting in a manner that indicated to him that they were sleeping in the house. The pair also identified their furniture, clothing, and personal belongings *721 in a bedroom which they occupied. The couple also told the detective that they paid a portion of the rent and utilities. The detective testified that after signing the consent to search form, Brown and Anderson voluntarily allowed him to search the house and that they were "cooperative."
Based on these facts, it is evident that Brown and Anderson had common authority over the defendant's residence and could validly consent to a search of the common areas of the residence. The exception discussed in Poole, supra, does not apply as the evidence at issue in this case was located in a common area of the house. The detective testified that he located stolen property in the living room, including a television, DVD player, palm pilot, and keys. In addition to the living room, the detective searched Brown and Anderson's bedroom closet and found a .9 millimeter handgun. There is no evidence that any room which was exclusive to the defendant was searched. Any evidence retrieved as a result of this valid consent and subsequent search was properly admitted. We therefore find no error in this assignment.
Next the defendant assigns as error that the trial court failed to properly suppress evidence retrieved from Charity Hospital. Defendant argues that because the basket containing his possessions was not with him at all times during his stay in the hospital, there is no way to confirm that the contents of the basket at the time the warrant was executed belonged to him.
Trial testimony indicated that it was Charity Hospital policy to secure property taken from a trauma victim and store it during the patient's admission. The officer testified that the search warrant was executed at Charity Hospital on the defendant while he was admitted to the hospital. The detective presented the warrant to the Charity Hospital police force and the officer produced items in connection with the warrant. The return on the warrant showed that the defendant had in his possession at the time of his admission to the hospital $509.00 and two sets of car keys. Defendant argues that because the items were not in his possession at all times, it is possible that those items presented to the investigating officer pursuant to the warrant were tainted or may not have even belonged to him.
A chain of custody or connexity of physical evidence is a factual matter to be determined by the jury. State v. Pittman, 486 So.2d 895, 896 (La.App. 1st Cir.1986). Furthermore, the burden of proof is generally on the defendant to prove the grounds recited in a motion to suppress the evidence. LSA-C.Cr.P. art. 703(D); State v. Williams, 01-0732, p. 11 (La.11/28/01), 800 So.2d 819, 827, cert, denied, 537 U.S. 1203, 123 S.Ct. 1275, 154 L.Ed.2d 1045 (2003). There was no evidence presented to show that the search warrant was invalid or executed improperly. Further, there was no evidence presented to show that the items in questions did not belong to defendant. Thus, it is evident that the defendant failed to meet his burden. We therefore, find no error in this assignment.

MOTION FOR MISTRIAL
In his third assignment of error, defendant argues that the trial judge failed in denying his motion for mistrial after the State questioned the defendant about being incarcerated since his arrest for the instant offenses.
Under LSA-C.Cr.P. art. 775, "[u]pon motion of a defendant, a mistrial shall be ordered, and in a jury case the jury dismissed, when prejudicial conduct in or outside the courtroom makes it impossible for the defendant to obtain a fair trial, or *722 when authorized by Article 770 or 771." LSA-C.Cr.P. art. 770 provides:
Upon motion of a defendant, a mistrial shall be ordered when a remark or comment, made within the hearing of the jury by the judge, district attorney, or a court official, during the trial or in argument, refers directly or indirectly to:
(1) Race, religion, color or national origin, if the remark or comment is not material and relevant and might create prejudice against the defendant in the mind of the jury;
(2) Another crime committed or alleged to have been committed by the defendant as to which evidence is not admissible;
(3) The failure of the defendant to testify in his own defense; or
(4) The refusal of the judge to direct a verdict.
An admonition to the jury to disregard the remark or comment shall not be sufficient to prevent a mistrial. If the defendant, however, requests that only an admonition be given, the court shall admonish the jury to disregard the remark or comment but shall not declare a mistrial.
LSA-C.Cr.P. art. 771 provides the law regarding admonitions:
In the following cases, upon the request of the defendant or the state, the court shall promptly admonish the jury to disregard a remark or comment made during the trial, or in argument within the hearing of the jury, when the remark is irrelevant or immaterial and of such a nature that it might create prejudice against the defendant, or the state, in the mind of the jury:
(1) When the remark or comment is made by the judge, the district attorney, or a court official, and the remark is not within the scope of Article 770; or
(2) When the remark or comment is made by a witness or person other than the judge, district attorney, or a court official, regardless of whether the remark or comment is within the scope of Article 770.
In such cases, on motion of the defendant, the court may grant a mistrial if it is satisfied that an admonition is not sufficient to assure the defendant a fair trial.
A mistrial is a drastic remedy and, except in instances in which a mistrial is mandatory, is warranted only when trial error results in substantial prejudice to defendant, depriving him of a reasonable expectation of a fair trial. State v. Smith, 04-340, p. 5 (La.App. 5 Cir. 10/26/04), 888 So.2d 280, 285. Whether a mistrial should be granted is within the sound discretion of the trial court and the denial of a motion for mistrial will not be disturbed absent an abuse of that discretion. Id. (citation omitted).
The state's cross examination of the defendant elicited the following testimony:
Q. Okay. So you're not sure who committed the armed robberies but you know it wasn't you.
A. Right.
Q. Okay. So surely, since 2004  you've been in jail since 2004?
A. Right.
Q. Surely since then, you've made numerous attempts to contact 
Following this line of questions, the defense moved for a mistrial and the judge denied the motion. Counsel argued that the entire reason the defendant was dressed in plain clothes was to avoid the jury knowing that the defendant had been incarcerated since his arrest.
In State v. Johnson, 343 So.2d 155, 161 (La.1977), defendant argued that he was entitled to a mistrial when the trial court, *723 during voir dire, made reference to the fact that defendant had been incarcerated. The trial court later admonished the jury. Id. The Supreme Court indicated that a mistrial was not warranted. Id. In reaching its conclusion, the Supreme Court stated:
An accused has the right to dress in civilian clothing at trial because prison attire might unduly connote guilt. The remarks complained of in the instant case merely drew attention to a prominent fact of the trialthat defendant had been formally accused of the crime for which he was being tried. Although the fact of accusation may be suggestive of guilt to some jurors, as the State argues in brief, it is an incident of trial from which the jurors simply cannot be insulated.
State v. Johnson, 343 So.2d at 161.
In the instant case, the questions at issue did not fall within the ambit of LSA-C.Cr.P. art. 770 and, therefore, a mistrial was not mandatory. Defendant could have requested an admonition under LSA-C.Cr.P. art. 771; however, he failed to do so. Furthermore, defendant later testified that he had no prior convictions and, therefore, clarified for the jury that he was in jail for the present offense and not for any others. Additionally, as the Supreme Court stated in Johnson, the remarks in the instant case merely drew attention to the fact that defendant had been formally accused of the crime for which he was being tried.
In light of the foregoing, the trial judge did not abuse his discretion by denying the motion for mistrial.

ERROR PATENT DISCUSSION
The defendant requests an error patent review. This Court routinely reviews the record for errors patent regardless of whether the defendant makes such a request. La.C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5 Cir. 1990). Our review of the case indicates that the defendant received an illegally lenient sentence. According to La.R.S. 14:52(B), defendant should have received a fine of not more than fifteen thousand dollars. The trial judge failed to impose such a fine. Likewise, according to La. R.S. 14:27(D)(3) a defendant shall be fined in the same manner as for the offense attempted, and such fine shall not exceed one-half of the largest fine prescribed for that offense.
This issue, however, was not raised by the state in the trial court or on appeal. We therefore, decline to correct the illegally lenient sentence. State v. Paul, 05-612 (La.App. 5 Cir. 2/14/06), 924 So.2d 345, 357.
Finally, the trial judge failed to advise the defendant of the prescriptive period for post-conviction relief as provided in LSA-C.Cr.P. art. 930.8. Accordingly, we remand the matter to the trial court for the limited purpose of sending defendant written notice of the prescriptive period for post-conviction relief applications within 10 days of this judgment, and that evidence of said notice be filed in the record. State v. Jupiter, 06-93 (La.App. 5 Cir. 6/28/06), 934 So.2d 884, 895.
AFFIRMED IN PART; REMANDED WITH ORDERS.